

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-24-2003

# Gist v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket 02-3691

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Gist v. Comm Social Security" (2003). *2003 Decisions.* Paper 624.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/624

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 02-3691

———

BERNICE GIST

v.

JO ANNE B. BARNHART, COMMISSIONER OF THE SOCIAL  SECURITY
ADMINISTRATION,

Appellant

———

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No. 01-CV-02754)
District Court Judge: Clifford Scott Green

———

Argued on April 10, 2003

Before: ALITO, FUENTES, Circuit Judges, PISANO, District Judge[*]

(Opinion Filed:      April 23, 2003                )

ROBERT D. MCCALLUM, JR.
Assistant Attorney General
PATRICK L. MEEHAN
United States Attorney

———

[*]The Honorable Joel A. Pisano, United States District Judge for the District of
New Jersey, sitting by designation.

FREDDI LIPSTEIN
MARK S. DAVIES
EDA GIUSTI
JOAN K. GARNER
NICHOLAS CERULLI
SAMBHAV N. SANKAR (argued)
U.S. Department of Justice
Civil Division, Room 9108
Washington, D.C. 20530

*Counsel for Appellant*

MICHAEL PATRICK BOYLE (argued)
123 S. Broad Street
Suite 2140
Philadelphia, PA 19109

*Counsel for Appellee*

———————

OPINION OF THE COURT

———————

PER CURIAM:

In this appeal, the Commissioner of the Social Security Administration ("SSA") challenges the District Court order that granted summary judgment in favor of claimant Bernice Gist, reversed the Commissioner's final decision denying benefits, and remanded to the Commissioner solely for the determination of benefits. See App. at 2-3, 23-34.

The Commissioner uses a five-step analysis to evaluate disability claims brought pursuant to 42 U.S.C. §423(d)(1)(A); 42 U.S.C. §1382c(a)(3)(A). If the Commissioner

finds that a claimant is or is not disabled at any step in the process, she does not proceed to further steps in the evaluation. 20 C.F.R. §404.1520(a); §416.920(a).

At Step One, the Commissioner determines whether the claimant is gainfully employed. 20 C.F.R. §404.1520(b), §416.920(b). If she is not so employed, the Commissioner proceeds to Step Two to determine whether the claimant has a "severe impairment" that significantly limits "the claimant's "ability to do basic work activities." 20 C.F.R. §404.1520(c), §416.920(c). If the Commissioner finds a severe impairment at Step Two, she proceeds to Step Three to determine whether the claimant's impairment meets or equals an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the Commissioner determines at Step Three that the claimant does not meet or equal a listed impairment, she proceeds to Step Four to determine whether the severe impairment renders the claimant functionally incapable of performing the work the claimant has performed in the past. 20 C.F.R. §404.1520(e), §416.920(e). Finally, if the Commissioner concludes at Step Four that the claimant cannot perform work she has performed in the past, the Commissioner proceeds to Step Five and considers the claimant's "residual functional capacity" and her "age, education, and past work experience" to determine whether she is capable of doing "other work." 20 C.F.R. §404.1520(f)(1), §416.920(f)(1). If the Commissioner determines at Step Five that the claimant cannot do "other work," the Commissioner declares the claimant disabled for purposes of benefits eligibility.

In July 1998, the claimant in this case applied for Disability Insurance Benefits and

-3-

Supplemental Security Income. The state administering agency evaluating her claim denied her application on initial review as well as on reconsideration. Subsequently, she sought review of the denial before an Administrative Law Judge ("ALJ"). After convening a hearing on the matter, the ALJ proceeded to Step One of the evaluation process, determining that the claimant has not been gainfully employed since the alleged onset of disability. The ALJ then determined at Step Two that the claimant "carries diagnoses of degenerative disc disease and borderline intellectual functioning, impairments which are severe." Admin. R. at 18. Proceeding to Step Three, the ALJ determined that the claimant's impairments do not meet or equal a listed impairment. Id. Finally, the ALJ determined at Step Four that the claimant is not disabled as her impairments "do not prevent her from performing her past relevant work." Id.

The SSA Appeals Council denied the claimant-appellee's request for review of the ALJ's decision, rendering the ALJ's decision the final decision of the Commissioner of the Social Security Administration. Admin. R. 5-6; 20 C.F.R. §§404.981, 416.14. Subsequently, the claimant-appellee sought judicial review of the decision in the United States District Court for the Eastern District of Pennsylvania, and both parties filed motions for summary judgment.

The District Court referred the case to a Magistrate Judge who issued a Report and Recommendation suggesting that the Court deny the claimant's summary judgment motion and grant the Commissioner's summary judgment motion. The claimant, in turn,

filed objections to the Report and Recommendation. The District Court sustained the first of the objections (declining to rule on the other objections), granted the claimant's summary judgment motion, denied the Commissioner's summary judgment motion, reversed the Commissioner's final decision based on a finding that the decision was not supported by substantial evidence, and remanded to the Commissioner solely for a benefits determination. Following the District Court's decision, the Commissioner filed a timely notice of appeal before this Court.

As the Commissioner determined that the claimant satisfied Steps One and Two of the disability analysis, this case predominantly involves Step Three of the Commissioner's analysis and, more particularly, the applicability of Listing 12.05, Mental Retardation, 20 C.F.R. Pt. 404, Subpt. P, App. 1. In our review of the Commissioner's determination that the claimant did not show fulfillment of the requirements of listing 12.05 for mental retardation, namely a deficit in adaptive functioning and onset of mental impairment prior to age 22, we must determine whether the Commissioner's decision is supported by substantial evidence. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).

The relevant SSA regulation states that

Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; ie., the evidence demonstrates or supports onset of the impairment before age 22.

Listing 12.05, Mental Retardation, 20 C.F.R. Pt. 404, Subpt. P, App. 1. The claimant bears the burden of proof at Step Three. In order to meet or equal listing 12.05, a claimant

must prove that she experiences "deficits in adaptive functioning" with an onset prior to the age of 22. Id. She must also show that she meets the requirements listed in subsections A, B, C, or D of that section. We will address the claimant's arguments related to subsections B and C, as these were fully briefed in the District Court.

While the District Court granted summary judgment based on a finding that the claimant met listing 12.05B, this finding was in error. Listing 12.05B requires "a valid verbal, performance, or full scale IQ of 59 or less." The District Court applied a five-point Standard Error of Measurement for IQ tests, consequently reading Gist's actual IQ score of 62 as a score of 57, to determine that the claimant satisfied this requirement. Our recent decision in Burns v. Barnhart, 312 F.3d 113, 125-26 (3d Cir. 2002), clearly establishes that the Standard Error of Measurement may not be imposed when applying listing 12.05.[1] As we stated in Burns,

> if we were to read an error range of five points into the regulation, it would violate the plain language of the regulation . . . . Where the language of a regulation is plain and unambiguous, as it is here, further inquiry is not required.

Id. (citations omitted). With an actual IQ score of 62, Gist clearly does not meet listing 12.05B.

Recognizing that she does not meet Listing 12.05B in light of Burns, the claimant asks this Court to find her eligible for a benefits award under Listing 12.05C. While the

---

[1]While Burns involved Listing 12.05C, we find the rule announced therein equally applicable to Listing 12.05B.

District Court did not specifically address this argument, we will address the issue as it was fully briefed below. See Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) ("the role of this Court is identical to that of the District Court, namely to determine whether there is substantial evidence to support the Commissioner's decision").

As is true in regard to any 12.05 listing, before demonstrating the specific requirements of Listing 12.05C, a claimant must show proof of a "deficit in adaptive functioning" with an initial onset prior to age 22. In support of this requirement, the claimant stated that "she was in special education throughout the time that she was in school." Admin. R. at 13. The ALJ concluded, however, that the claimant failed to carry her burden of proof at Step Three because she presented no documentary or other evidence to substantiate her testimony that she was placed in special education classes or otherwise suffered from deficits in adaptive functioning. Id. Admin. R. at 14. We will not disturb the ALJ's determination because we find that it is supported by substantial evidence.[1]

_____

[1]Gist presented a valid IQ of 62 and a qualifying "other impairment," namely a degenerative disc condition classified by the ALJ as severe as defined in §§404.1520(c). Markle v. Barnhart, No. 02-3128, 2003 WL 1546227, at *5 (3d Cir. Mar. 26, 2003) (citing the Commissioner's recent clarifying regulation stating that "[w]e always have intended the phrase to mean that the other impairment [in 12.05C] is a 'severe' impairment as defined in §§404.1520(c) and 416.920(c)" (citation omitted)). As Gist failed to prove an onset of "deficits in adaptive functioning" prior to age 22, her satisfaction of the two specific requirements of Listing 12.05C, namely an IQ score between 60 and 70 and a "physical or other mental impairment imposing an additional and significant work-related limitation of functions, is irrelevant.

The claimant argues that even if this Court declines to find that she produced evidence sufficient to meet Listing 12.05C, we should remand and instruct the District Court to remand the claim to the Commissioner with instructions to conduct further administrative proceedings, obtain additional intellectual function testing, and arrange for the testimony of a medical expert. The authorities cited by the claimant to support this proposition are applicable only in circumstances where the medical evidence suggests that a finding of medical equivalence to a listing is reasonable. See 20 C.F.R. §416.912(b)(6) (acknowledging the admissibility of findings made by medical experts); Social Security Ruling 96-6p (requiring an updated medical opinion from a medical expert where "symptoms, signs, and laboratory findings reported in the case record suggest that a judgment of equivalence may be reasonable"). We do not believe a finding of medical equivalence is reasonable in the instant case and, therefore, deny the appellee's request for remand. See Levin v. Mississippi River Fuel Corp., 386 U.S. 162, 170 (1967) ("the point is so clear that [the court] see[s] no occasion for remanding the issue").

As we uphold the Commissioner's determination that the claimant did not meet or equal listing 12.05, we also review the Commissioner's determination at Step Four of the disability analysis. In reviewing the determination at Step Four, we play a role "identical to that of the District Court, namely to determine whether there is substantial evidence to support the Commissioner's decision." Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citing 42 U.S.C. §405(g) and Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994)).

-8-

Therefore, while the District Court did not consider the propriety of the Commissioner's decision at Step Four, we decide the issue without remand.

Where a claimant with a severe impairment does not meet or equal a listed impairment at Step Three, she may nevertheless be found disabled for purposes of benefit eligibility. At Step Four, the Commissioner determines whether the claimant's severe impairment renders her functionally incapable of performing the kind of work she performed in the past. 20 C.F.R. §404.1520(e), §416.920(e). We have reviewed the administrative record in the instant case and find that substantial evidence supports the ALJ's determination that the claimant is capable of resuming her past work.

The claimant's allegation that she suffers from a qualifying disability is not substantiated by either medical evidence or the claimant's own testimony. Spine X-rays and doctors' examinations reveal no physical limitations and only minor narrowing and mild degenerative changes. App. 20, 125, 173, 143-144. The record demonstrates, and the claimant's testimony affirms, that "no physician imposed a lifting restriction, referred her to a back specialist, ordered any further clinical testing, recommended surgery for her back, or opined that she was disabled due to her impairments." Admin. R. 33. The claimant's cause is also not helped by inconsistencies in her testimony as to the date of the alleged back injury that caused her current back problems. Admin. R. 14-15. In addition, her claim that she left work due to back pain is contradicted by her statement to Dr. Griffen, the physician-evaluator for the state administering agency, that she had been

laid off. Admin. R. 146. The ALJ concluded, and the Commissioner agreed, that Gist "is able to return to the type of work she performed in the past." As we find this determination to be supported by substantial evidence in the record, we affirm the Commissioner's determination at Step Four without remanding for further proceedings.

For the foregoing reasons, we reverse the judgment of the District Court and affirm the final decision of the Commissioner.