

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-26-2002

# Mancuso v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2088

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Mancuso v. Comm Social Security" (2002). *2002 Decisions.* Paper 773.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/773

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-2088
_____

NANCY MANCUSO,
o/b/o MATTHEW M. MANCUSO, a minor,
                                        Appellant

                    v.

*JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY

        * (Pursuant to F.R.A.P. 43(c))
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
D.C. Civil No. 00-cv-02303
District Judge:  The Honorable Gustave Diamond
_____

Submitted Under Third Circuit LAR 34.1(a)
November 20, 2002
_____

Before: BARRY, AMBRO, Circuit Judges, and ACKERMAN, District Judge

(Opinion Filed: November 26, 2002)
_____

OPINION
_____

BARRY, Circuit Judge

       We dispense with a full recitation of the facts of this case because we write for the parties, who are already familiar with them.  This action was brought by appellant Nancy Mancuso on behalf of her son, Matthew Mancuso, under 42 U.S.C.  1383(c)(3), seeking review of the Commissioner's denial of her claim for child's supplemental security income (SSI) under Title XVI of the Social Security Act.

       Ms. Mancuso claims that her son has been  afflicted with attention deficit hyperactivity disorder ("ADHD") since April 1, 1995, and we agree that he surely has had his share of problems over the years.   Her initial application for benefits was denied both initially and upon reconsideration, and an administrative hearing was held.   On March 30, 2000, the Administrative Law Judge ("ALJ") issued a determination that although Matthew suffered from ADHD and a bipolar disorder, his impairments were not of such severity that he was disabled and, thus, entitled to benefits.  The Appeals Council found that there was no basis to review the ALJ's decision.  Ms. Mancuso filed this action in the United States District Court with the parties thereafter filing cross-motions for summary judgment.  The District Court granted the Commissioner's motion and denied Ms. Mancuso's motion. Ms. Mancuso timely appealed.  We have jurisdiction under 28 U.S.C.  1291 and will affirm.

       Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (the "Act") on August 22, 1996.  See  42 U.S.C. 1382(a)(3)(C).  The Act amended the statutory standard such that children seeking SSI benefits due to a disability must demonstrate a medically determinable impairment "which results in marked and severe functional limitations," and which meets the

statutory duration requirement of 12 months.  Id.  The Social Security Administration published interim final rules to implement the childhood disability provisions of the 1996 Act on February 11, 1997.  See 62 Fed.Reg. 6408; 20 C.F.R.    416.902, .906, .924(a) (2000). These rules articulated a new three-step sequential evaluation process pursuant to which a qualifying claimant must demonstrate: (1) that he or she is not working; (2) that he or she has a "severe" impairment or combination of impairments; and (3) that his or her impairment or combination of impairments is of "listing-level" severity, which essentially means that the impairment meets, medically equals, or functionally equals the severity of an impairment in the Listings of Impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1, Regulations No. 4; 20 C.F.R.    416.924 (2000).

Functional equivalence is demonstrated where a child has two "marked" limitations or one "extreme" limitation in a broad area of functioning, such as cognition/ communication; motor; social; personal; and concentration, persistence and pace.  See 20 C.F.R.    416.926a.  Applying the interim final rules, the ALJ found that Matthew did not have a medically determinable physical or mental impairment or combination of impairments which resulted in marked or extreme functional limitations.

The narrow issue before us, albeit presented in various ways, is whether this determination by the ALJ is supported by substantial evidence in the record of this case. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir.1999) (citing Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir.1994)).  This is the same standard of review employed by the District Court.  Id.; 42 U.S.C.   405(g).  Substantial evidence must be  "more than a mere scintilla" and has been interpreted to mean "such relevant evidence as a reasonable mind might accept as adequate." Plummer, 186 F.3d at 427 (internal quotations omitted).  See also Richardson v. Perales, 402 U.S.389, 401 (1971).

Ms. Mancuso argues that because Matthew has marked limitations in two of the relevant areas of functioning, he has the functional equivalent of a listed impairment from Listing   112.11.  This argument is unavailing, essentially for the reasons set forth in the thorough and thoughtful opinion of the District Court; indeed, there is ample evidence in the record to support the ALJ's determination that because Matthew had no marked limitation in any designated area of functioning, he was not afflicted with the functional equivalent of a listed impairment.

Matthew's cognitive capabilities were attested to by his teachers and doctors who, at bottom, concurred that whatever psychological and academic problems Matthew had, his cognitive capabilities were not limited.  Furthermore, in the area of motor skills, the ALJ correctly found that while Matthew may have had a mild restriction, this was not sufficient to be deemed "marked."  Record evidence, consisting of findings and observations by  Doctors Sopher and Skloma, bears out this conclusion.

The ALJ also correctly found that while Matthew evinced "difficulties in social functioning . . . [c]onsidered as a whole, the evidence indicates that the degree of impairment . . . is less than marked."  Indeed, Matthew's interpersonal relationships and interactions were characterized by his teachers and doctors as within the realm of normal and appropriate.  The ALJ's finding that no marked limitation existed in the category of personal functioning was similarly supported.  Dr. Sopher and the state agency physicians concurred that Matthew did not have a significant limitation in this area, and, as the District Court noted, Matthew, then sixteen years of age, "drove himself to the appointment with Dr. Sopher, arrived in a timely manner and presented with a neat physical appearance."  Finally, with reference to the ALJ's determination that Matthew had no marked limitation in the area of concentration, persistence, and pace, the District Court concluded that while there was some conflicting evidence, "[e]ven assuming . . . that plaintiff has a marked degree of limitation in [this] area . . ., a finding of disability would not be warranted . . . because plaintiff must have a marked limitation of functioning in at least two areas of development before a finding of functional equivalency would be appropriate".

In sum, based upon the evidence in the record, the ALJ correctly found that

Matthew did not have an impairment or combination of impairments which met, medically equaled, or functionally equaled any impairment contained in the Listings. The ALJ's determination that Matthew is "not disabled" and is thus not eligible for SSI benefits is supported by substantial evidence.

For the aforementioned reasons, we will affirm the District Court's order of

February 19, 2002.

TO THE CLERK OF THE COURT:
    Kindly file the foregoing Opinion.


                             _____
                             Circuit Judge