

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-28-2003

# Ford v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1594

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Ford v. Comm Social Security" (2003). *2003 Decisions.* Paper 180.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/180

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

NO. 03-1594

—————

JOSEPH FORD,
                         Appellant

v.

*JOANNE B. BARNHART,
COMMISSIONER SOCIAL SECURITY

*Pursuant to Rule 43(c), F.R.A.P.

—————

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civil Action No. 00-cv-00456)
District Judge:  Honorable Kent Jordan

—————

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 17, 2003

BEFORE:  SLOVITER, ROTH and STAPLETON, Circuit Judges

(Opinion Filed October 28, 2003)

—————

OPINION OF THE COURT

—————

STAPLETON, Circuit Judge:

Appellant Joseph Ford appeals the decision of the United States District Court for the District of Delaware, affirming the decision of the Commissioner of the Social Security Administration ("Commissioner") to deny Ford's claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act ("Act"), 42 U.S.C. §§ 401-434, 1381-1383f (2002). The parties are familiar with the facts and procedural history. Hence, we limit ourselves to a brief statement of the reason for our decision.

Appellant argues that the decision of the administrative law judge ("ALJ") finding that Appellant's drug addiction and alcoholism were contributing factors material to a finding of disability was not supported by substantial evidence because the ALJ failed to properly evaluate Appellant's mental impairments. Furthermore, Appellant argues that the ALJ erred in accepting the testimony of a vocational expert that absent drug addiction and alcoholism Appellant would be able to perform a limited range of light work and, therefore, was not disabled within the meaning of the Act, arguing that the testimony of the expert was based upon a defective hypothetical question asked by the ALJ. For the reasons that follow, we *affirm* the decision of the District Court that the ALJ both properly evaluated the evidence of Appellant's mental impairments and based his decision that absent drug addiction and alcoholism Appellant would be able to perform a limited range of light work on substantial evidence.

2

## I.

The District Court had jurisdiction to hear this review of the Commissioner's final determination under 42 U.S.C. § 405(g) (2002) and we have jurisdiction under 28 U.S.C. § 1291 (2002). Our review of the Commissioner's final decision to deny benefits is limited to a determination of whether that decision is supported by substantial evidence. *See, e.g.*, *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). "Substantial evidence 'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 2545, 101 L.Ed.2d 490 (1988)).

## II.

"Disability" is defined in the Act as an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Under the Act, a claimant is considered unable to engage in any substantial gainful activity "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. §§

3

423(d)(2)(A), 1382c(a)(3)(B).  The Commissioner makes this determination based upon a

regulation promulgated by the Social Security Administration that sets out a five-step

sequential evaluation process.  *See* 20 C.F.R. § 404.1520, 416.920.  This Court has

described the five-step sequential evaluation process as follows:

> In step one, the Commissioner must determine whether the claimant is
> currently engaging in substantial gainful activity.  20 C.F.R. § 404.1520(a).
> If a claimant is found to be engaged in substantial activity, the disability
> claim will be denied.  *Bowen v. Yuckert*, 482 U.S. 137, 140, 107 S.Ct. 2287,
> 2290-91, 96 L.Ed.2d 119 (1987).  In step two, the Commissioner must
> determine whether the claimant is suffering from a severe impairment.  20
> C.F.R. § 404.1520(c). If the claimant fails to show that her impairments are
> "severe", she is ineligible for disability benefits.
>
> In step three, the Commissioner compares the medical evidence of the
> claimant's impairment to a list of impairments presumed severe enough to
> preclude any gainful work.  20 C.F.R. § 404.1520(d).  If a claimant does not
> suffer from a listed impairment or its equivalent, the analysis proceeds to
> steps four and five.  Step four requires the ALJ to consider whether the
> claimant retains the residual functional capacity to perform her past relevant
> work.  20 C.F.R. § 404.1520(d).  The claimant bears the burden of
> demonstrating an inability to return to her past relevant work.  *Adorno v.
> Shalala*, 40 F.3d 43, 46 (3d Cir.1994).
>
> If the claimant is unable to resume her former occupation, the evaluation
> moves to the final step.  At this stage, the burden of production shifts to the
> Commissioner, who must demonstrate the claimant is capable of
> performing other available work in order to deny a claim of disability.  20
> C.F.R. § 404.1520(f).  The ALJ must show there are other jobs existing in
> significant numbers in the national economy which the claimant can
> perform, consistent with her medical impairments, age, education, past
> work experience, and residual functional capacity.  The ALJ must analyze
> the cumulative effect of all the claimant's impairments in determining
> whether she is capable of performing work and is not disabled.

*Burnett v. Commissioner of Social Sec. Admin.*, 220 F.3d 112, 118-19 (3d Cir. 2000)

(quoting *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir.1999)).

However, in the case of an individual suffering from alcoholism or drug addiction, the Act additionally requires that "[a]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J). Under the Social Security Administration's regulations, the "key factor" in determining whether a claimant's alcohol or drug abuse is a material contributing factor to the claimant's disability is "whether we would still find [the claimant] disabled if [he or she] stopped using drugs or alcohol." 20 C.F.R. §§ 404.1535(b)(1), 416.935(b)(1).

The ALJ is to determine which of the claimant's physical and mental limitations would remain if the claimant stopped using drugs or alcohol, and then must determine whether any of the claimant's remaining limitations would be disabling. 20 C.F.R. §§ 404.1535(b)(2), 416.935(b)(2). If the ALJ determines that the remaining limitations would not be disabling, the ALJ must find that the claimant's "drug addiction or alcoholism is a contributing factor material to the determination of disability." 20 C.F.R. §§ 404.1535(b)(2)(I), 416.935(b)(2)(I). However, if the ALJ determines that the remaining limitations would be disabling, the ALJ must conclude that the claimant is "disabled independent of [his or her] drug addiction or alcoholism and ... [his or her] drug addiction or alcoholism is not a contributing factor material to the determination of

disability." 20 C.F.R. §§ 404.1535(b)(2)(ii), 416.935(b)(2)(ii)

## III.

## A.

Appellant first argues that the Commissioner's decision is not supported by substantial evidence because the ALJ mischaracterized or misstated the reports of various medical personnel in reaching his determination, causing the ALJ to improperly evaluate Appellant's mental impairments. Appellant takes issue with the ALJ having referred to an evaluation by Dr. William Shaw as a "psychiatric evaluation" rather than a "psychological evaluation." However, the ALJ evaluated the substance of Dr. Shaw's report and did not base his decision upon whether he thought that Dr. Shaw was performing a psychiatric rather than psychological evaluation. Appellant argues that because the ALJ characterized Dr. Shaw as saying that Ford had an "adjustment disorder with an anxious mood secondary to his alcohol abuse," the ALJ incorrectly characterized Dr. Shaw's testimony as supporting the conclusion that alcohol abuse was a contributing factor material to the determination that Appellant is disabled.[1] However, regardless of what specifically the ALJ meant by "secondary to," the ALJ referenced Dr. Shaw's report in the sentence quoted by Ford only for the limited purpose of showing that Ford still suffered from alcohol abuse at the time of Dr. Shaw's evaluation.

---

[1] Dr. Shaw's report read in pertinent part as follows: "In addition the alcohol abuse needs to be ruled out prior to any real anxiety-reduction program. Reports has to start the day off with drinking because of his nerves. Reports drinking a fifth of whiskey per week."

Appellant next objects to the ALJ's characterization of Dr. Joseph Bryer's report, which the ALJ describes as having determined that "the claimant's primary impairment was alcohol dependence." Dr. Bryer's report did in fact indicate that his diagnosis of Ford "would be alcohol dependence, although there may well be a separate psychiatric disorder" and noted that "[t]he current heavy use of alcohol makes diagnosis of any other psychiatric disorder impossible at this time." Dr. Bryer did not attempt to diagnose (and in fact notes that he could not have diagnosed) any separate psychiatric disorders at that time that would exist regardless of Ford's alcohol dependence. As with Dr. Shaw's report, the ALJ briefly references Dr. Bryer's report and correctly notes that the impairment diagnosed by Dr. Bryer was alcohol dependence. The ALJ does not rely on Dr. Bryer's report for a determination of what mental impairments Appellant would suffer from had he not been abusing alcohol.

Appellant additionally takes issue with the ALJ's use of a report by Dr. George Reynolds, which the ALJ describes as "conclud[ing] that the claimant had a generalized anxiety disorder that would respond favorably to proper treatment." In Appellant's opinion, the ALJ should have evaluated whether a "generalized anxiety disorder" is related to or affected by Appellant's use of alcohol. Appellant argues that a "generalized anxiety disorder is not due to the direct physiological effects of a substance (i.e., of drugs or alcohol)," and that therefore, Dr. Reynolds's diagnosis of a generalized anxiety disorder "eliminates any consideration of alcohol in determination of the

7

diagnosis." However, Dr. Reynolds's opinion does not support a finding that Appellant's anxiety disorder, absent alcoholism, necessarily would be disabling. Dr. Reynolds specifically indicated that he thought that Ford could "probably bring the condition under control" if he received proper treatment. The ALJ properly considered the Reynolds report in reaching his determination and did not mischaracterize its contents.

Appellant then takes issue with the ALJ's treatment of Dr. Patricia Lifrak's evaluation of Appellant. The ALJ described Dr. Lifrak as reporting that "the claimant's diagnoses included alcohol dependence, polysubstance abuse, and anxiety secondary to alcohol withdrawal." Appellant takes issue with the ALJ not having mentioned that Dr. Lifrak at one point indicated that it was necessary to "[r]ule out panic disorder with agoraphobia." However, this statement was not indicative of a diagnosis of panic disorder and need not have been considered on this basis as one of Appellant's impairments by the ALJ.

Appellant similarly argues that the ALJ simply "did not consider" a September 1998 opinion completed by Dr. Lifrak that described several of Ford's mental impairments. However, as the government has correctly indicated in its brief, the ALJ did consider Dr. Lifrak's opinion when he determined that Appellant's anxiety disorder, as it existed while Ford was under the influence of alcoholism and drug addiction, would in fact be disabling. The ALJ correctly did not rely on Dr. Lifrak's opinion in determining whether Appellant's anxiety disorder would still be disabling absent alcoholism and drug

8

addiction, as Dr. Lifrak's opinion was rendered in the context of substance abuse still being present.

Over a two-year period, Ford was also treated by the Northeast Treatment Counseling Center ("NET"), which kept various medical records on his treatment. The ALJ described these records as showing that "the claimant's primary impairments were alcohol and cannabis dependence." Appellant notes that the ALJ did not discuss other psychiatric diagnoses discussed in these records, including panic disorder with agoraphobia, dysthymia, and impulse control disorder. The upshot of the ALJ not having noted these diagnoses contained in the NET records, Appellant argues, is that the ALJ did not consider them in reaching his determination that Appellant is not disabled but for his alcoholism.

However, in an attempt to fulfill the Appeals Council's mandate that the ALJ determine which of the established mental impairments would remain if Appellant were to stop abusing alcohol, the ALJ supplied the entire medical record to Dr. Richard B. Saul. Dr. Saul's opinion provides sufficient support for the ALJ's conclusion that in the absence of alcohol abuse Appellant would not be disabled and is capable of performing gainful work in the regional or national economy other than his previous relevant employment. Appellant argues that the ALJ impermissibly rejected Dr. Lifrak's opinion in a wholesale fashion supposedly because the ALJ indicated that Dr. Lifrak's opinion did not describe Appellant's limitations absent alcohol and drug use.

9

Alternatively, Appellant argues that Dr. Lifrak was ambiguous as to whether she was considering the impact of alcohol or drug abuse when she prepared her report, and that therefore the ALJ should have sought clarification from Dr. Lifrak to resolve this alleged ambiguity. Appellant views the ALJ as having rejected Dr. Lifrak's opinion and having relied solely on Dr. Saul's opinion.

However, the ALJ did not reject Dr. Lifrak's opinion at all or find it to be ambiguous. The ALJ found Dr. Lifrak's various reports to be consistent with Dr. Saul's findings, and relied on Dr. Saul for a specific consideration of what limitations would remain in the absence of alcohol abuse. In so relying on Dr. Saul's opinion, we cannot say that the ALJ lacked substantial evidence in reaching the conclusion that "the medical evidence of record shows that the claimant's condition does not meet or equal the criteria of any listed impairment when the claimant's alcohol abuse is not considered."

B.

Appellant's final claim is that the vocational expert's testimony does not support the ALJ's finding of residual functional capacity because the doctor whose evaluation provided the basis for the ALJ's hypothetical question did not fill out a Mental Residual Function Capacity ("MRFC") assessment form. Appellant refers us to no authority, however, requiring the use of such a form by a medical expert (or, indeed, by an ALJ, whose analysis that form is intended to guide). The question posed by the ALJ to the vocational expert accurately reflected the claimant's individual physical and mental

10

impairments as reflected in the evidence and as found by the ALJ. Appellant has identified no impairment found by the ALJ that was not included in the hypothetical. While Dr. Lifrak completed an MRFC, the ALJ found that her opinion did not consider what limitations claimant would possess absent alcohol abuse. Nothing more was required.

IV.

For the reasons stated, the judgment of the District Court will be affirmed.

TO THE CLERK:

Please file the foregoing Not Precedential Opinion.

/s/ Walter K. Stapleton
Circuit Judge