

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-8-2004

# Crosson v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2703

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Crosson v. Comm Social Security" (2004). *2004 Decisions.* Paper 849.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/849

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2703

MARY J. CROSSON,

Appellant

v.

THE COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Judge: The Honorable J. Curtis Joyner
(D.C. No. 02-cv-1074)
_____

Submitted under Third Circuit LAR 34.1
March 23, 2004

Before: FUENTES, SMITH and GIBSON,[*] *Circuit Judges*

(Filed: April 8, 2004)
_____

OPINION OF THE COURT
_____

SMITH, *Circuit Judge*.

Mary J. Crosson appeals from a judgment of the District Court affirming the

---

[*]The Honorable John R. Gibson, Senior Circuit Judge for the United States Court of
Appeals for the Eighth Circuit, sitting by designation.

Commissioner of Social Security's denial of disability benefits under Title II of the Social Security Act. *See* 42 U.S.C. § 423. The District Court exercised jurisdiction under 42 U.S.C. § 405(g). We have jurisdiction under 28 U.S.C. § 1291. Our review "is identical to that of the District Court, namely to determine whether there is substantial evidence to support the Commissioner's decision." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

In determining whether a claimant is disabled, the Commissioner must follow the familiar five-step sequential analysis set forth in the regulations promulgated by the Social Security Administration. *See* 20 C.F.R. § 404.1520. Crosson claims she is disabled due to limitations resulting from a cervical laminectomy and depression. She contends that the Administrative Law Judge ("ALJ") erred at step five of the analysis by concluding that she had the residual functional capacity to perform other work in the national economy. That conclusion, according to Crosson, is not supported by substantial evidence because the ALJ failed to accord sufficient weight to the opinions of her treating physicians, Doctors Shingles and Gross. In addition, Crosson argues that the ALJ improperly discounted her testimony regarding her limitations.[1]

---

[1]Crosson also submits that the ALJ erred at step three because he failed to adequately explain why her impairments did not satisfy the criteria of the impairments listed in

2

In *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir. 1985), we instructed that a plaintiff's subjective complaints must be seriously considered and that the ALJ may not discount a plaintiff's testimony if it is reasonably supported by medical evidence. In *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999), we declared that treating physician opinions "should be accorded great weight, especially 'when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.'" *Id.* (quoting *Rocco v. Heckler*, 826 F.32d 1348, 1350 (3d Cir. 1987)). This does not mean, however, that a

> statement by a plaintiff's treating physician supportive of an assertion that she is "disabled" or "unable to work" is . . . dispositive of the issue. The ALJ must review all the medical findings and other evidence presented in support of the attending physician's opinion of total disability. In doing so, the ALJ must weigh the relative worth of a treating physician's report . . . .

*Adorno v. Shalala*, 40 F.3d 43, 47-48 (3d Cir. 1994) (internal quotation marks and citations omitted). After reviewing all of the evidence, the ALJ may discount a physician opinion of disability which is not supported by medical evidence, or may reject a physician's opinion outright if it is contradicted by other medical evidence. *Plummer*, 186 F.3d at 429.

Here, the ALJ complied with this standard. He accorded great weight to Crosson's testimony and the opinions of Doctors Shingles and Gross by concluding that Crosson

_____

Appendix 1 of the Social Security regulations as required by *Burnett v. Comm'r*, 220 F.3d 112, 119 (3d Cir. 2000) (discussing 20 C.F.R. pt. 404, subpt. P, app. 1). This argument is without merit inasmuch as the ALJ identified the specific listings at issue and explained why Crosson failed to satisfy the criteria of either listing.

was limited to light and sedentary work affording the option to sit and to stand, which was routine and unskilled, requiring minimal concentration.

Crosson argues that the ALJ erred because both of her physicians opined that she was unable to return to work. The ALJ acknowledged these opinions and appropriately explained that they were discounted because the medical evidence was not fully supportive. The ALJ noted that Crosson's surgeon, Dr. Freese, had been unable to find an objective clinical basis for her ongoing complaints of pain and opined that the "plates and screws are in good position, and the fusion seems to be intact. There is no evidence of significant neural element compression." The ALJ also pointed out that both Doctors Shingles and Gross's opinions were undermined by documentation that Crosson's condition was improving. Notably, Dr. Shingles's opinion that Crosson's residual functional capacity was severely limited was contradicted by his consistent observations that Crosson had no neurologic deficits. The evidence of record supports the ALJ's explanation.

Accordingly, after a careful review of the record, we conclude that there was substantial evidence supporting the ALJ's decision that Crosson was not disabled. We will affirm the judgment of the District Court.