

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-6-2004

# Montgomery v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3249

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Montgomery v. Comm Social Security" (2004). *2004 Decisions.* Paper 718.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/718

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-3249
_____

FRANK MONTGOMERY,

Appellant

v.

JO ANNE B. BARNHART, COMMISSIONER
OF THE SOCIAL SECURITY ADMINISTRATION

_____

Appeal from the United States District Court
For the Eastern District of Pennsylvania
D.C. No.: 02-cv-00752
District Judge: Honorable Clarence C. Newcomer
_____

Submitted Under Third Circuit LAR 34.1(a) April 23, 2004

Before: SCIRICA, Chief Judge, ROSENN and GREENBERG, Circuit Judges

(Filed May 6, 2004)
_____

OPINION OF THE COURT
_____

ROSENN, Circuit Judge.

Frank Montgomery appeals from a summary judgment entered by the United

States District Court for the Eastern District of Pennsylvania in favor of the

Commissioner of Social Security (the Commissioner). Montgomery filed this action in

the District Court for the Eastern District of Pennsylvania pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's denial of his application for disability insurance benefits (DIB). During the administrative proceedings, the Administrative Law Judge (ALJ) found that although Montgomery suffered from a number of medical ailments, these ailments do not prevent him from carrying out substantial gainful work in the national economy. The District Court adopted the Report and Recommendations of United States Magistrate Judge (MJ) Carol Sandra Wells. MJ Wells reviewed in careful detail the ALJ's determinations on each of the challenged points and reported to the District Court that the determinations were supported by the substantial weight of the evidence. The District Court adopted this report, denied Montgomery's motion for summary judgment, and granted the Commissioner's motion. Montgomery timely appealed to this court. We affirm.

After conducting a hearing, the ALJ decided that Montgomery had been disabled prior to November 1, 1999 by drug and alcohol abuse. Thus, he was not entitled to benefits through that date. The ALJ further found that, absent the severe substance abuse that had ended at some point in November 1999, Montgomery retained the ability to perform his past relevant work. Montgomery requested a review of the ALJ's decision by the Appeals Council. The Council denied the request for review, making the ALJ's decision the final decision of the Commissioner. Montgomery then sought judicial review of the Commissioner's final decision and instituted this suit in the United States

District Court as aforesaid.

Montgomery was forty-nine years old at the time of the ALJ's decision. He completed the tenth grade, obtained his general education diploma, and had prior work experience as a custodian, laborer, cleaner, and kitchen helper. He had also served in the military for a period of three years ending in 1971. He filed an application for DIB in June 1999, alleging that he had been disabled since August 1998, due to depression, seizures, arthritis of the hands and right shoulder, and hepatitis C.

On appeal, Montgomery contends that substantial evidence does not support the Commissioner's findings that he has no severe impairments other than a substance abuse disorder and a substance-induced mood disorder, and that he has no physical limitations. In addition, Montgomery contends that the ALJ erred as a matter of law in failing to include in his hypothetical questions to the Vocational Expert (VE) all of Montgomery's physical and mental limitations supported by objective medical evidence. Montgomery also challenges the Commissioner's findings that he has the residual functional capacity (RFC) to return to his former job as a custodian or to perform the job of security monitor, that his depression did not meet or equal Listing 12.04 after November 1, 1999, and the Commissioner's finding that Montgomery is not under a disability.

Montgomery raised each of these issues in his motion for summary judgment and briefs. However, he acknowledges that each of these issues were discussed by MJ Wells

in her Report and Recommendations.

Montgomery claims that the medical evidence establishes that he suffers from cirrhosis of the liver, major depression, hepatitis C, moderate cerebellar atrophy of the brain, osteoarthritis of the right shoulder, seizures, cervical radiculopathy, right ulnar nerve neuropathy at the elbow, degenerative disc disease of the cervical spine, restrictive lung disease, borderline intellectual function, other minor diseases, and a history of drug and alcohol abuse for which he is in recovery. The ALJ found that Montgomery stopped drinking and drug use as of November 1, 1999.

In her twenty-five page Report and Recommendations, MJ Wells was not persuaded that any of the alleged impairments were severe. She reported: "Specifically, he (Montgomery) has failed to provide convincing medical opinions that hepatitis C, cirrhosis of the liver, osteoarthritis of the shoulder, hand weakness, superficial varicose veins and borderline intellectual functioning 'significantly limited his physical or mental ability to do basic work activities.'" (25a.) Judge Wells further found that the ALJ had considered each of Montgomery's alleged limitations and concluded that they individually and *in totum* did not reach the level of severe. As to hepatitis C, she reported that the ALJ properly concluded that the record did not indicate any resulting work-related limitations. She further noted that Dr. Saul, an expert witness with considerable medical experience, diagnosed "only mild reversible organic damage from the cirrhosis and hepatitis C infection and no resulting work-related limitations." (25a.) She also

4

scrutinized each of the other findings that the ALJ made with respect to Montgomery's alleged illnesses and work limitations.

The District Court reviewed all of the evidence, including the medical testimony and reports concerning the Montgomery's various illnesses together with the reports and testimony presented by the Government. It found that the ALJ properly considered whether Montgomery had a severe impairment or combination of impairments that imposed more than a minimal restriction on his ability to perform basic work activities on a sustained basis. The District Court found that the ALJ considered each of Montgomery's alleged impairments singly and in combination. The District Court found no fault with the AJL's conclusion that Montgomery's only severe impairment that impacted his ability to work was his substance-induced mood disorder. Because the District Court found that the additional ailments were not severe, the District Court concluded that the ALJ's decision was properly supported by substantial evidence.

The District Court also reviewed the ALJ's decision that Montgomery did not meet the listing in section 12.04.[1] Montgomery argues that the ALJ did not properly

---

[1] The requirements of Listing 12.04 are:
  A.   Medically documented persistence, either continuous or intermittent, of one of the following:
      1.   Depressive syndrome . . .; or
      2.   Manic syndrome . . .; or
      3.   Bipolar syndrome with a history of episodic periods manifested by the full symptomatic picture of both manic and depressive symptoms (and currently characterized by either or both syndromes); AND
  B.   Resulting in at least two of the following:
      1.   Marked restriction of activities of daily living; or

5

consider the opinions of his treating physician, Dr. Makary and Dr. Slap. The requirements of Listing 12.04 are set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ conceded that Montgomery exhibited sufficient symptoms of an affective disorder after he stopped drinking to meet the Part A criteria of the listing of 12.04. However, with respect to Part B criteria, the District Court found that the ALJ accorded Dr. Richard Saul's opinion the greatest weight. Based on all the evidence, Dr. Saul concluded, according to the ALJ, that Montgomery had not sufficient brain damage from his prior substance abuse. An MRI confirmed this conclusion. Thus, Montgomery did not meet or equal Listing 12.04.

We conclude that there was no error of the ALJ in according Dr. Saul's opinion greater weight than the testimony of Dr. Makary and Dr. Slap, Montgomery's treating physicians. Although Drs. Makary and Slap asserted that Montgomery met or equaled Listing 12.04, we believe that there was adequate ground for the ALJ to reject both disability opinions as inconsistent with other convincing evidence in the record. The ALJ found that Dr. Slap's opinion was entitled to only limited weight because he based his assessment to a large degree on Montgomery's description of his symptoms and abilities. However, Dr. Slap was unaware of the significant discrepancies set forth between Montgomery's allegations and the evidence of record. Further, the ALJ found that Dr.

2.     Marked difficulties in maintaining social functioning; or;
3.     Marked difficulties in maintaining concentration, persistence, or pace; or
4.     Repeated episodes of decompensation, each of extended duration.

6

Slap offered his opinion on brain damage before Dr. Griffin, the psychologist, submitted her report. That report revealed that psychological testing provided only questionable indication of brain damage after a full battery of psychological tests. The ALJ attributed significant weight to Dr. Griffin's report because it was the only psychological opinion supported by objective testing. Dr. Griffin's conclusion was that Montgomery's work-related abilities were at least fair except in performing complex tasks. The District Court therefore found that the ALJ's reasoning was sound. We agree.

Furthermore, the ALJ rejected Dr. Makary's disability opinion because: (1) his document required only "yes" and "no" answers and lacked any supporting medical data, and (2) his document directly contradicted his own earlier assessment that Montgomery had a GF score of 60. The District Court found these reasons valid. Although a treating physician's conclusion should be accorded great weight, it may be rejected if it is unsupported by sufficient clinical data. Newhouse v. Heckler, 753 F.2d 283, 286 (3d Cir. 1985).

The District Court also found that the ALJ's conclusion that Dr. Saul's opinion that Montgomery did not meet or equal Listing 12.04 was the most consistent with and well supported by the evidence. Dr. Saul found only moderate limitations in Montgomery's activities of daily living, social functioning, concentration, and persistence or pace.

The ALJ gave a series of well supported reasons why Dr. Saul's opinion carried

7

greater weight than the testimony of Dr. Makary and Dr. Slap. He agreed with Dr. Saul's opinion that Montgomery did not meet or equal Listing 12.04. Dr. Saul's opinions were not substantially contradicted by other medical evidence except for the opinions of Dr. Slap and Dr. Makary.

Dr. Griffin also reported that Montgomery was likely exaggerating his symptoms and that his credible limitations were not disabling. Furthermore, the ALJ reported that "Dr. Griffin's test observations gave her a unique opportunity to determine [Montgomery's] abilities in a work-like setting." (A20.) Thus, the District Court was of the opinion that "the ALJ rationally accorded greater weight to the opinions of Drs. Saul and Griffin and discounted those of Drs. Slap and Makary." (A30a.)

The ALJ carefully reviewed Montgomery's testimony concerning his inability to return to his part-time relevant work. Montgomery challenged this determination on the part of the ALJ because a state agency physician concluded that Montgomery could not perform frequent handling or reaching and because of alleged limitation in walking and standing caused by varicose veins. The District Court found that Montgomery's argument was without merit. We agree. Montgomery had the burden to prove that he could not return to his past prior work. See Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). The District Court believed that the ALJ relied upon objective medical evidence and Montgomery's credible subjective complaints in setting his RFC with only non-exertional limitations. The District Court further found that the ALJ's finding of the RFC

8

matched the requirements of Montgomery's past work RFC as detailed by the VE, as well as by submissions of Montgomery. Thus, we agree with the District Court that the ALJ's determination that Montgomery could return to his past relevant work is supported by substantial evidence. We perceive no error on the part of the District Court, the Commissioner, or the ALJ.

The judgment of the District Court will be affirmed. Each side is to bear its own costs.