**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-3653
_____


DENNIS HOYMAN,

Appellant

v.

CAROLYN W. COLVIN,
Commissioner of Social Security


_____


On Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court No.: 2-13-cv-00432)
District Judge:  Honorable Cathy Bissoon


_____



Submitted under Third Circuit LAR 34.1(a)
On March 20, 2015


Before:  MCKEE, Chief Judge, RENDELL, and FUENTES, <u>Circuit Judges</u>


(Opinion filed: April 9, 2015)


_____

**RENDELL**, <u>Circuit Judge</u>:

Dennis Hoyman appeals his denial of supplemental security income benefits ("SSI"). Hoyman raises three issues on appeal: (1) that the Administrative Law Judge ("ALJ") improperly discounted his primary doctor's opinion and substituted his lay opinion for hers; (2) that the ALJ improperly failed to consider Hoyman's obesity in his residual functional capacity ("RFC") determination; and (3) that the ALJ erred in assessing Hoyman's credibility. We will affirm the District Court's Order affirming the ALJ's ruling.

## I. Background

Hoyman has applied for SSI. His primary doctor, Dr. Jennifer Sepp, filled out a medical assessment form, dated August 25, 2011, which claims that Hoyman suffers from hyperparathyroidism, depression, myalgia, hypertension, GERD, inter alia. It states that he has memory problems, chronic fatigue, weight change, anthralgia, myalgia, dry skin, weakness, anxiety, and nausea, and that his symptoms constantly interfere with his ability to work. However, other doctors have offered contradictory opinions about Hoyman's health and prognosis. Specifically, after Hoyman underwent a surgical resectioning of his right superior parathyroid gland, Dr. Yip reported that Hoyman's intraoperative parathyroid hormone levels had begun to normalize, indicating that

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Hoyman's thyroid condition was cured. Similarly, Dr. Brooks found Hoyman's muscle strength to be in a better condition than Dr. Sepp had indicated, and Dr. Detore found that Hoyman's mental health was in a better condition than she had indicated.

The ALJ, after considering all relevant evidence, denied Hoyman's SSI application. The District Court affirmed, and Hoyman has appealed.

## II. Analysis[1]

### A. Dr. Sepp's Opinion

In *Plummer*, we decided that the "ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided." *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). Like here, the claimant in *Plummer* contended that the ALJ's decision was not supported by substantial evidence "because the ALJ improperly substituted her own judgment in place of the medical evidence." *Id.* There, we found substantial evidence to support the ALJ's discounting of the treating physician's opinion because the physician's answers about the extent and severity of the claimant's disability were contradicted both by his own fuller medical report and by the reports of other doctors who found that the claimant suffered "no significant functional limitations" and was improving. *Id.* at 430-31.

---

[1] Congress provides for judicial review of the Commissioner's decisions to deny a claimant's application for disability benefits. 42 U.S.C. § 405(g). Our role is identical to that of the District Court—namely, to determine whether there is substantial evidence to support the Commissioner's decision. *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994).

Here, the ALJ assigned Dr. Sepp's August 2011 medical assessment form little weight because "he found it to be inconsistent with Dr. Sepp's own notes, [Hoyman's] activities of daily living, and the clinical and objective evidence in the record." (App. 14.) Although Dr. Sepp's form indicates that Hoyman "suffers from muscle pain and weakness and can only occasionally lift items up to ten pounds," "her treatment notes contain no objective findings to substantiate these opinions and, in fact, Dr. Brooks found [Hoyman's] muscle strength to be intact in January 2011." (App. 15.) Similarly, although Dr. Sepp stated that Hoyman's symptoms would "constantly interfere with his powers of attention and concentration and would also preclude him from interacting closely with others," her "treatment notes indicate that [Hoyman] was doing a lot better with his depression in December 2010 and, as of February 2011, was pleasant, very engaging, witty, and looking well." (App. 15-16.) Although Dr. Sepp stated that Hoyman suffered from "impaired concentration, memory, attention and ability to interact with others," these findings are contradicted by Dr. Detore. (App. 16.) Although Dr. Sepp stated that Hoyman's "fatigue, drowsiness and sedation would necessitate extended breaks and would preclude [him] from sitting or standing even two hours a day or walking more than one city block," her notes from April 2011 state that Hoyman was "feeling a lot better and was doing things around his shop, including a lot of planting." (*Id.*) Accordingly, this is hardly a case where the ALJ rejected a medical opinion without any basis.[2] Substantial evidence supports the ALJ's determination.

---

[2] *Cf. Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir. 1985) (holding that the ALJ acted improperly because no medical evidence supported the ALJ's rejection of the doctor's

4

B. <u>The Obesity Issue</u>

Hoyman argues that the ALJ failed to consider Hoyman's obesity, but the ALJ explicitly considered Hoyman's obesity at the appropriate step in assessing his RFC. The Social Security Administration has promulgated regulations incorporating a five-step evaluation process for determining whether a claimant is under a disability. *See generally* 20 C.F.R. § 404.1520. Hoyman relies upon a case in which the ALJ mentioned the claimant's obesity at an earlier step, but then did not consider it at a subsequent step. *See Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504-05 (3d Cir. 2009). That is not what occurred here. Here, the ALJ explicitly contemplated Hoyman's obesity at the appropriate step (i.e., when assessing Hoyman's RFC). Accordingly, Hoyman's argument fails.

C. <u>Hoyman's Credibility</u>

Hoyman has failed to meet his heavy burden to establish that the ALJ's credibility determination should be reversed. The ALJ found that Hoyman's "statements concerning the intensity, duration, and limiting effects of [his] symptoms are not entirely credible and are inconsistent with the totality of the evidence." (App. 36.) "The credibility determinations of an administrative judge are virtually unreviewable on appeal." *Bieber v. Dep't of the Army*, 287 F.3d 1358, 1364 (Fed. Cir. 2002). The evidence from Hoyman's doctors and the evidence regarding his daily activities—such as selling plants, building snowmen, washing dishes, doing laundry, gardening, planting, grocery

_____

opinion).

shopping, visiting his relative, and taking care of cats—support the ALJ's finding with respect to Hoyman's credibility.

## III. Conclusion

Accordingly, we will affirm.