

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-22-2004

# Spencer v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3155

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Spencer v. Comm Social Security" (2004). *2004 Decisions.* Paper 1076.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1076

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-3155

———

JANET SPENCER,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 02-cv-00957)
District Judge: Honorable Alan N. Bloch

———

Submitted Under Third Circuit LAR 34.1(a)
January 16, 2004

Before: Sloviter, Rendell and Aldisert, Circuit Judges.

(Filed: January 22, 2004)

———

OPINION OF THE COURT

ALDISERT, <u>Circuit Judge</u>.

The question for decision in this appeal by Janet Spencer from adverse summary judgment in the United States District Court for the Western District of Pennsylvania requires us to decide whether substantial evidence supports the Commissioner's decision that Spencer was capable of performing light work, 42 U.S.C. § 405(g), and was therefore not entitled to supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq*. Because we are writing for the parties who are familiar with the facts and the proceedings in the Social Security Administration and the district court we will confine our discussion to the basic legal precepts.

## I.

"The Social Security Act defines disability in terms of the effect a physical or mental impairment has on a person's ability to function in the work place." <u>Heckler v. Campbell</u>, 461 U.S. 458, 459-460 (1983); 42 U.S.C. § 423(c) (2002). Under the Act and implementing regulations, the claimant bears the burden of establishing disability. <u>Id.</u>; 20 C.F.R. § 416.912 (2003).

To be eligible for benefits, a claimant must demonstrate not only that she has a medically determinable physical or mental impairment, but that such impairment is so severe that it prevents her from engaging in any substantial gainful activity that exists in the national economy. 42 U.S.C. § 423(d)(1)(A); <u>see also</u> <u>Campbell</u>, 461 U.S. at 460; <u>Adorno v. Shalala</u>, 40 F.3d 43, 46 (3d Cir. 1994).

The term "residual functional capacity" ("RFC") is defined in the regulations as the most an individual can still do after considering the physical and/or mental limitations affecting her ability to perform work related tasks. 20 C.F.R. § 416.945 (2003).

The Commissioner's findings regarding an individual's capacity for performing light work must be supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance of evidence and more than a mere scintilla; substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (quotations and citation omitted). If the evidence can justify a refusal to direct a verdict where the case is before a jury, there is "substantial evidence." Olsen v. Schweiker, 703 F.2d 751, 753 (3d Cir. 1983) (citation omitted). "We will not set the Commissioner's decision aside if it is supported by substantial evidence, even if we would have decided the factual inquiry differently." Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

## II.

The Administrative Law Judge ("ALJ") considered the examinations Spencer received by James Richardson, M.D., Patricia A. Simpson, L.S.W., a licensed social worker, Larry D. Smith, Ph.D., a state agency psychologist, Richard M. Hahn, M.D., Michael Niemiec, D.O. and George P. Naum, III, D.O. The ALJ elicited vocational expert testimony at the administrative hearing. The ALJ asked the vocational expert

whether work existed in the national economy for a hypothetical person with Spencer's age, education and work experience; who had the RFC for light exertional work, requiring no climbing of ladders, ropes or scaffolds, no more than occasional stairs, ramps, or balancing; and only occasional stooping, crouching or crawling; no close concentration or attention to detail for extended periods of time, no fast paced assembly line work; and no more than rare changes in the work setting.

The expert testified that the hypothetical person could perform the jobs of library clerk, general office clerk, kitchen worker and cleaner, which existed in significant numbers in the local and national economy.

### III.

We are satisfied that substantial evidence supports the Commissioner's decision that Spencer was capable of performing light work with modifications and was not disabled.

In deciding that Spencer had the RFC for the light work, the ALJ considered the opinion of Dr. Hahn that Spencer could perform sedentary work and the opinion of Dr. Naum that Spencer was disabled. The ALJ appropriately determined, however, that more weight should be accorded to the objective evidence and assessment of the state agency position expressed by Dr. Niemiec than to the opinions of consultive examiners, Dr. Hahn and Dr. Naum. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991) (holding that an ALJ may rely upon a non-examining physician's opinion when it is consistent with

the record).

The ALJ did determine that Spencer had a severe mental impairment and included all of Spencer's limitations that were supported by the record in his hypothetical questions to the vocational expert.

We have considered all contentions raised by the parties and conclude that no further discussion is necessary. The judgment of the district court will be affirmed.

TO THE CLERK:

Please file the foregoing opinion.

/s/ Ruggero J. Aldisert
Circuit Judge

—————