

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-8-2004

# Allison v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4058

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Allison v. Comm Social Security" (2004). *2004 Decisions.* Paper 604.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/604

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-4058

———

KENNETH R. ALLISON,
                                        Appellant

v.

JO ANNE BARNHART, Commissioner of Social Security


———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(Dist. Ct. No. 02-01370)
District Judge: Honorable David S. Cercone

———

Submitted Under Third Circuit LAR 34.1(a)
May 14, 2004

Before: NYGAARD, MCKEE and CHERTOFF, <u>Circuit Judges</u>.

(Filed: June 8, 2004)

———

OPINION

———

CHERTOFF, <u>Circuit Judge</u>.

Kenneth R. Allison appeals from the District Court's judgment affirming the Commissioner of Social Security's denial of his application for a period of disability and Disability Insurance Benefits under Sections 216(i) and 223 of the Social Security Act ("Act"). Allison's appeal essentially challenges the Administrative Law Judge's ("ALJ") finding at step four of the five-step evaluation process promulgated by the Social Security Administration to determine whether an individual is disabled. See 20 C.F.R. § 404.1520. At step four, the ALJ concluded that Allison retained the residual functional capacity to perform "light work," with noted restrictions. For the reasons stated below, we will affirm the District Court's judgment.

I.

Allison was born on January 10, 1959. He has a high school education and past relevant work experience as an automobile radiator repairman. In his brief, Allison claims that he was injured in two separate accidents. In the spring of 1997, he sustained unresolved back and neck injuries as a result of a motor vehicle accident. In mid-July of 1998, Allison suffered an umbilical hernia while lifting a radiator at work. Allison filed his first claim for disability benefits on November 12, 1999, claiming that he had "scar tissue in groin area due to double hernia and surgery, high blood pressure, [and] depression" and that "I have constant pain in the groin." Tr. at 125. This claim was denied on March 13, 2000, and Allison did not seek review of that claim.

In July of 2000, Allison filed a second application for disability insurance

benefits. In this present application, Allison claims that he had "pain in groin, lower back and neck." Tr. at 148. This application was initially denied, and a request for hearing was timely filed. Allison, represented by counsel, appeared before the ALJ on March 14, 2002. On April 20, 2002, the ALJ rendered a decision concluding that Allison was not disabled under the Act. On July 23, 2002, the Appeals Council denied Allison's request to review the ALJ's decision.

Allison sought judicial review of the adverse decision, pursuant to 42 U.S.C. § 405(g), in the United States District Court for the Western District of Pennsylvania. On September 3, 2003, the Honorable David S. Cercone granted the Commissioner's motion for summary judgment and denied Allison's cross-motion for summary judgment. This appeal followed.

II.

The District Court exercised jurisdiction pursuant to 42 U.S.C. § 405(g), and appellate jurisdiction is vested in this Court under 28 U.S.C. § 1291. The role of this Court is identical to that of the District Court; we must determine whether there is substantial evidence to support the Commissioner's decision. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). Substantial evidence means "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Jesurum v. Sec'y of the U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "It is less than a preponderance of the

3

evidence but more than a mere scintilla." Id. Overall, the substantial evidence standard is a deferential standard of review. Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999).

The Social Security Administration has promulgated a five-step evaluation process to determine whether an individual is disabled. See 20 C.F.R. § 404.1520; see generally Plummer, 186 F.3d at 428. In step one, the Commissioner decides whether the claimant is currently engaging in substantial gainful activity. If so, the claimant is not eligible for disability benefits. 20 C.F.R. §§ 404.1520(a) & (b). In step two, the Commissioner determines whether the claimant is suffering from a severe impairment. If the impairment is not "severe," the claimant is not eligible for disability benefits. 20 C.F.R. § 404.1520(c). In step three, the Commissioner evaluates whether the evidence establishes that the claimant suffers from a listed impairment. If so, the claimant is automatically eligible for benefits. If the claimant does not suffer from a listed impairment or its equivalent, however, the Commissioner proceeds to the next step. 20 C.F.R. § 404.1520(d). In step four, the Commissioner examines the claimant's "residual functional capacity," and whether such capacity enables her to perform her past relevant work. If so, the claimant is not eligible for disability benefits. 20 C.F.R. § 404.1520(e). Finally, in step five the Commissioner considers whether work exists in significant numbers in the national economy that the claimant can perform given her medical impairments, age, education, past work experience, and residual functional capacity. If

4

so, the claimant is not eligible for benefits. 20 C.F.R. § 404.1520(f). In this final step, "the burden of production shifts to the Commissioner, who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability." Plummer, 186 F.3d at 428.

The issues on appeal arise from the ALJ's determination at step four that Allison had the residual functional capacity to perform light work.

III.

Allison argues (1) that substantial evidence does not support the ALJ's finding that he had the residual functional capacity to perform light work activity; (2) that the ALJ accorded inadequate weight to the reports of his treating physicians; and (3) that substantial evidence does not support the ALJ's finding that Allison was not fully credible.

First, we disagree with Allison's allegation that the ALJ's conclusions are not supported by substantial evidence. The ALJ considered numerous medical records in rendering his decision, including records and treatment pages from Drs. Daljit Singh, Kevin O. Garrett, Doris K. Cope, Richard B. Kasdan, and Malcolm Harris; physical therapy records demonstrating improvement in Allison's condition; and Allison's description of his daily activities. Like the District Court, we are satisfied that the ALJ's decision provides sufficient evidence to support his assessment of Allison's residual functional capacity to perform a modified range of light work.

Next, we reject Allison's second contention that the ALJ did not accord adequate weight to his treating physicians, Drs. Singh and Garrett, for substantially the same reasons as outlined by the District Court. The ALJ provided sufficient details as to why he found their opinions to be inconsistent with their own clinical and objective findings. Tr. at 29-30. While this Court has acknowledged that "greater weight should be given to the findings of a treating physician than to a physician who has examined the claimant as a consultant . . . [,] a statement by a plaintiff's treating physician that [h]e is 'disabled' or 'unable to work' is not dispositive." Adorno v. Shalala, 40 F.3d 43, 47-48 (3d Cir. 1994). Rather, "the ALJ must weigh the relative worth of a treating physician's report against the reports submitted by other physicians who have examined the claimant." Id. at 48; see also Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991) (concluding ALJ correctly determined opinions of treating physicians were not controlling).

Allison's third allegation is that the ALJ erred in finding his testimony not to be credible. We similarly reject this argument in light of the substantial evidence cited by the ALJ in his review of Allison's residual functional capacity. An ALJ may reject a claim of disabling pain where "he [has] consider[ed] the subjective pain and specif[ied] his reasons for rejecting these claims and [has] support[ed] his conclusion with medical evidence in the record." Matullo v. Bowen, 926 F.2d 240, 245 (3d Cir. 1990). Finally, we find no credence in Allison's claim that the ALJ acted inappropriately when he asked Dr. David Barnhouse, the testifying medical expert, "in your judgment, is the claimant's

6

testimony regarding his symptoms consistent with the evidence in the record?"  App. at 54.  Allison cites to no legal authority that suggests that such questioning is inappropriate.  Indeed, the ALJ's question is entirely proper under 20 C.F.R. § 404.1529, which states that in determining whether an individual is disabled, "we consider all of your symptoms, including pain, and the extent to which your symptoms *can reasonably be accepted as consistent with the objective medical evidence and other evidence.*"  20 C.F.R. § 404.1529(a) (2004) (emphasis added).

## IV.

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary.  Accordingly, the judgment of the District Court will be affirmed.

––––––