

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-28-2008

# Johnson v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4641

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Johnson v. Comm Social Security" (2008). *2008 Decisions.* Paper 1701.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1701

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4641
_____

ANN G. JOHNSON,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 05-cv-04059)
District Judge: Honorable Mary Little Cooper
_____

Submitted Under Third Circuit LAR 34.1(a)
January 7, 2008

Before:   FUENTES and JORDAN, *Circuit Judges*
and O'NEILL*, *District Judge.*

(Filed:   January 28, 2008)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

_____

   *Honorable Thomas N. O'Neill, Jr., United States District Court Judge for the Eastern
District of Pennsylvania, sitting by designation.

Ann G. Johnson appeals the order of the United States District Court for the District of New Jersey affirming the final decision of the Commissioner of Social Security (the "Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act") and denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act. Johnson alleges that the District Court erred in finding that substantial evidence supported the Commissioner's decision that Johnson was not disabled from June 20, 2000 (her alleged disability onset date) through March 25, 2005 (the date of the ALJ's decision denying benefits). Specifically, Johnson alleges that the ALJ failed to sufficiently explain why he concluded that Johnson's impairments did not meet or equal the requirements in the Listing of Impairments, Appendix 1 to Subpart P, 20 C.F.R. Part 404, that the ALJ lacked an evidentiary basis for his assessment of Johnson's residual functional capacity, and that he improperly evaluated Johnson's subjective complaints. For the following reasons, we will affirm the District Court's decision.

## I.    Background

Because we write primarily for the benefit of the parties, we set forth only those facts pertinent to the issues before us on appeal. Johnson filed a claim for SSI on June 20, 2000, and applied for DIB on December 11, 2002. She claimed that she stopped working on December 29, 1999, and became unable to work because of her disabilities on June 1, 2000. Johnson stated that her ability to work is limited by back and neck pain resulting

2

from multiple car accidents and two spinal fusions. She claims that the pain prevents her from lifting, bending, sitting, reaching and walking for "any length of time."

Johnson's applications were denied initially and upon reconsideration. She filed a request for a hearing before an ALJ, which resulted in the issuance of an Order of Dismissal due to her failure to appear at the hearing. She then filed a request for review with the Appeals Council, and the Council vacated and remanded the matter to the ALJ. After a hearing on December 8, 2004, the ALJ issued a decision on March 25, 2005, finding that Johnson was not disabled[1] under the Act, and therefore, not entitled to DIB or SSI.[2] Johnson appealed the decision to the Appeals Council, but it denied her request for review on June 17, 2005. Accordingly, the ALJ's decision denying benefits was adopted as the Commissioner's final decision. On appeal, the District Court affirmed the Commissioner's denial of Johnson's claim. Johnson timely appealed to this Court.

## II.    Discussion[3]

---

[1]Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical and mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423 (d)(1)(A). In order to be disabled, an individual's "physical or mental impairment or impairments are of such severity that [the individual] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy ... ." 42 U.S.C. § 423 (d)(2)(A).

[2]The ALJ did, however, find that Johnson met the nondisability requirements set forth in Section 216(I) of the Act to receive DIB through March 25, 2005.

[3]The District Court had jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c). We have jurisdiction pursuant to 28 U.S.C. § 1291. A District Court's review of the

3

An ALJ must engage in a five-step sequential evaluation process in determining whether a person is disabled under the Act. 20 C.F.R. § 404.1520 (a)(4). The first step requires that the individual not be gainfully employed. 20 C.F.R. § 404.1520 (a)(4)(I). The second step requires that the individual's impairments qualify as "severe." 20 C.F.R. § 404.1520 (a)(4)(ii). The third step requires that the individual's impairments meet or equal one of the listings in Appendix 1 and the duration requirement. 20 C.F.R. § 404.1520 (a)(4)(iii). The fourth step is an assessment of the claimant's residual functional capacity, which includes an inquiry into whether the claimant can perform her past relevant work. 20 C.F.R. § 404.1520 (a)(4)(iv). The fifth step involves an analysis of whether the claimant, taking into consideration her residual functional capacity, age, education and work experience, can make an adjustment to other work. 20 C.F.R. § 404.1520 (a)(4)(v).

In conducting the five-step evaluation, the ALJ first found that Johnson was not gainfully employed. Second, he found Johnson's impairments of chronic back pain syndrome and chronic low back pain syndrome to be severe. Third, the ALJ concluded that Johnson's impairments did not meet the specific criteria of any impairment in the

_____

Commissioner's denial of disability benefits is limited to determining whether the findings of fact are supported by substantial evidence. 42 U.S.C. § 405(g). We also examine the record to determine whether the ALJ's decision was supported by substantial evidence. *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003). In Social Security cases, we have defined "substantial evidence" as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981)).

Listing of Impairments, Appendix 1 to Subpart P, 20 C.F.R. § 404.  Fourth, in consideration of the medical records, Johnson's testimony, Johnson's symptoms, Johnson's subjective complaints and Johnson's daily activities and restrictions, the ALJ found that Johnson did not retain the residual functional capacity to perform the requirements of her past occupation.  Fifth, in consideration of her residual functional capacity, age, education, relevant past work experience, and the vocational expert's testimony, the ALJ concluded that Johnson was capable of performing a wide range of sedentary work and was, therefore, not disabled.

**A.     Sufficiency of ALJ's Explanation at Third Step of Disability Evaluation**

Johnson first alleges that the ALJ erred in failing to provide sufficient explanation for his conclusion that her impairments do not satisfy any of the Listings at step three of the sequential evaluation, and that his finding that she did not meet or equal Listing 1.04 was erroneous.  As the District Court ruled, the ALJ did provide sufficient explanation for his finding, and there was substantial evidence in the record to support the conclusion that Johnson failed to meet or equal Listing 1.04.

Johnson specifically contends that the ALJ erred by failing to (1) describe the requirements of the listings used to analyze her claim, (2) explain why he chose to analyze her claim under those listings, and (3) explain why her impairments did not meet the requirements of those listings.  Contrary to Johnson's argument, the ALJ provided sufficient explanation for his conclusion that Johnson was not disabled.  As we stated in *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004), there is no particular language or

format that an ALJ must use in his or her analysis as long as there is "sufficient development of the record and explanation of findings to permit meaningful review." In this case, the ALJ's opinion not only sets forth the facts used in rendering his decision, but it also provides a thorough examination of the medical evidence.

The ALJ stated that he considered Listings 1.00 ff. and 11.00 ff., paying particular attention to Listings 1.04 and 11.18, which deal with spinal disorders and cerebral trauma, respectively. He undertook a detailed analysis of Johnson's medical history, according weight to Johnson's subjective complaints as well as to the opinions of her physicians and the state agency medical consultants. The ALJ then found that Johnson's testimony regarding her impairments was not credible because "her testimony seemed overly vague, dramatic and exaggerated considering the objective medical findings, and she needed much prompting and leading by her representative." (Administrative Record ("A.R.") at 24-25.) The ALJ further reviewed the medical findings of three physicians who examined Johnson and provided opinions contradictory to her testimony. Finally, the ALJ concluded that Johnson was not disabled because her impairments are "not attended, singly or in combination, with the specific clinical signs and diagnostic findings required to meet or equal the requirements set forth in the Listings of Impairments ... . In this regard we note that no treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment." (A.R. at 20.)

With respect to Listing 1.04, we conclude that there is substantial evidence in the record to support the ALJ's conclusion that Johnson's impairments do not meet or equal

6

the criteria in Listing 1.04.[4]  In *Jones*, we emphasized that "'[f]or a claimant to show his impairment matches a listing, it must meet *all* of the specified medical criteria.  An impairment that manifests only some of those criteria, no matter how severely, does not qualify.'" *Id.* at 504 (quoting *Sullivan v. Zelby*, 439 U.S. 521, 530 (1990) (emphasis in original)).  Although Johnson's impairments exhibit some of the specified medical criteria, as the District Court noted, there is substantial evidence in support of the ALJ's conclusion that her impairments fail to satisfy the entire set of criteria in 1.04 because there is no evidence of motor loss to satisfy Listing 1.04A, no evidence of spinal arachnoiditis to satisfy Listing 1.04B, and contradictory evidence regarding an inability to ambulate effectively, which is required to satisfy Listing 1.04C.  Furthermore, only one of three physicians who examined Johnson opined that she was disabled.[5]  Therefore, the District Court was correct in concluding that the ALJ's finding was supported by substantial evidence.

B.     **ALJ's Evidentiary Basis for Assessment of Johnson's Residual Functional Capacity**

Johnson argues that the ALJ failed to provide an evidentiary basis for his conclusion that Johnson "retains the residual functional capacity to lift and carry up to

---

[4]Johnson does not argue that the ALJ erred in finding that her impairments do not meet or equal the criteria established in Listing 11.00 ff.

[5]Although Dr. Glastein stated that Johnson was permanently disabled, Dr. Bagner found that his objective findings did not correlate with her need for a cane or subjective difficulties, and Dr. Patashnik concluded that she was not in acute distress and was only limited in activities requiring prolonged walking, standing, repetitive bending, and lifting.

7

twenty pounds occasionally and ten pounds frequently, sit for six hours and stand and/or walk for two hours in an eight hour workday, and occasionally climb stairs, balance, kneel, crouch, crawl or stoop." (A.R. at 28.) We disagree. In his analysis of the medical evidence, the ALJ stated that he rejected Dr. Glastein's conclusion that Johnson was permanently disabled because it contradicted the preponderance of the evidence.[6] Dr. Banger noted in 2000 that Johnson did not use a cane or crutches, was able to dress and undress herself, was not uncomfortable while seated, experienced no motor abnormality, and had normal range of motion in her shoulders, elbows, forearms, wrists, hips, knees, and ankles. In 2002, Johnson told Dr. Potashnik that she could take care of her personal needs, drive her car, and walk two blocks before resting. Furthermore, during Dr. Patashnik's examination, she could dress and undress without assistance, get on and off the examination table without difficulty, successfully toe-and- heel walk, and demonstrate full range of motion. She was only found to be limited with respect to prolonged walking and standing.

The ALJ considered two state agency physicians' determinations in 2000 and 2001 that Johnson could occasionally lift and carry twenty pounds, frequently lift and carry ten pounds, stand and walk six hours, sit six hours in an eight-hour work day, and occasionally climb stairs or ramps, balance, stoop, kneel, crouch, and crawl. Dr. Banger

---

[6]The ALJ also stated that he accorded "little weight" to Dr. Glastein's opinion because Dr. Glastein failed to distinguish between Johnson's symptoms from two recent car accidents and her persistent symptoms from the alleged degenerative disease.

agreed with these findings in 2004, only differing in that he believed Johnson could sit for an unlimited period of time and stand and walk at least two hours in an eight-hour workday. Because the ALJ's conclusions regarding Johnson's residual functional capacity are supported by substantial evidence in the record, we affirm the decision of the District Court.

## C.    Johnson's Subjective Complaints

Johnson maintains that the ALJ failed to accord serious consideration to her subjective complaints of pain, and thus, violated the Commissioner's "pain protocol." The ALJ, however, specifically recognized Johnson's subjective complaints in his opinion, and concluded that her testimony was vague, exaggerated, coached, and contrary to the medical evidence in the record.[7] The ALJ provided a thorough analysis of the medical evidence in the record and rendered a decision that, while contrary to Dr. Glastein's opinion, was based upon evidence found in the reports of the other physicians who examined Johnson. *See Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) ("The ALJ must review all the medical findings and other evidence presented in support of the attending physician's opinion of total disability. In doing so, the ALJ must weigh the

---

[7]This conclusion was supported by Dr. Banger's opinion that Johnson's subjective complaints failed to correlate with his objective findings that Johnson had full range of motion, was not uncomfortable while seated, and had no atrophy in the muscles in her lower extremities. It was also supported by Dr. Glastein's opinion that Johnson's lumbar decompression and spinal fusion were successful, and that home exercises could be used to treat any persistent neck and back pain. Finally, the ALJ noted that Johnson herself testified that over-the-counter pain medications were effective in relieving her pain.

9

relative worth of a treating physician's report against the reports submitted by other physicians who have examined the claimant.") (citations omitted). In light of the above facts, we hold that the District Court was correct in deciding that substantial evidence supported the ALJ's decision.

## III.   Conclusion

For the foregoing reasons, the judgment of the District Court entered on September 1, 2006 will be affirmed.