NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3564
_____

DAVID ALBERT BONIELLA,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-07-cv-01314)

Magistrate Judge: Honorable Robert C. Mitchell
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 14, 2010

Before: RENDELL, HARDIMAN AND ALDISERT, <u>Circuit</u> <u>Judges</u>
(Opinion filed: August 16, 2010)

_____

OPINION
_____

PER CURIAM

The appellant, David Albert Boniella, appeals from the District Court's order

affirming a determination of the Commissioner of the Social Security Administration that

he is not entitled to disability benefits. We will affirm the order of the District Court.

I.

In May 2005, Boniella filed an application for supplemental security income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383, claiming that he was unable to work because he suffered from depression, fatigue, and mild chronic pain. At the hearing on his application, the ALJ heard testimony from a vocational expert who opined that an individual in Boniella's position could perform work as long as it did not demand more than simple, routine tasks, more than occasional contact with coworkers, or any contact with the public.[1] The ALJ also considered several psychological evaluations and medical reports, including reports from Kathleen Shirley, M.Ed., Boniella's treating therapist; Debra Sharp Molchan, M.S., a psychologist who performed a consultative examination at the state's request; and Henry Weeks, Ph.D., a state agency psychologist who provided an assessment of Boniella's residual functional capacity.

After the hearing, the ALJ determined that Boniella was able to perform a significant number of jobs in the economy despite his impairments. Therefore, the judge concluded that he was not "disabled" within the meaning of the Social Security Act, and denied relief. The Appeals Council subsequently denied Boniella's request for review, rendering the ALJ's decision the final decision of the Commissioner.

---

[1]Neither Boniella nor a representative appeared at the hearing.

2

Boniella then filed a complaint in the District Court seeking judicial review of the Commissioner's decision. Both parties moved for summary judgment. The District Court determined that the ALJ's decision was supported by substantial evidence and, by order entered August 24, 2009, granted the Commissioner's motion and denied Boniella's. This appeal followed.

We have jurisdiction over this appeal pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. Our review of the Commissioner's final decision is limited to determining whether it is supported by substantial evidence. Poulos v. Comm'r of Soc. Sec., 474 F.3d 88, 91 (3d Cir. 2007). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (citation omitted).

To establish a disability under the Social Security Act, a claimant must show an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A claimant is considered to be under a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." Id. at § 423(d)(2)(A).

The Social Security Administration has promulgated regulations prescribing a

five-step sequential process for evaluating whether a claimant is disabled.  20 C.F.R. §

404.1520.  We have described this process as follows:

> In step one, the Commissioner must determine whether the claimant is
> currently engaging in substantial gainful activity.  20 C.F.R. §
> [404].1520(a).  If a claimant is found to be engaged in substantial activity,
> the disability claim will be denied.  Bowen v. Yuckert, 482 U.S. 137, 140,
> 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).  In step two, the Commissioner
> must determine whether the claimant is suffering from a severe impairment.
> 20 C.F.R. § 404.1520(c). If the claimant fails to show that her impairments
> are "severe," she is ineligible for disability benefits.
>
> In step three, the Commissioner compares the medical evidence of
> the claimant's impairment to a list of impairments presumed severe enough
> to preclude any gainful work.  20 C.F.R. § 404.1520(d).  If a claimant does
> not suffer from a listed impairment or its equivalent, the analysis proceeds
> to steps four and five.  Step four requires the ALJ to consider whether the
> claimant retains the residual functional capacity to perform her past relevant
> work.  20 C.F.R. § 404.1520(d).  The claimant bears the burden of
> demonstrating an inability to return to her past relevant work.  Adorno v.
> Shalala, 40 F.3d 43, 46 (3d Cir. 1994).
>
> If the claimant is unable to resume her former occupation, the
> evaluation moves to the final step.  At this stage, the burden of production
> shifts to the Commissioner, who must demonstrate the claimant is capable
> of performing other available work in order to deny a claim of disability.
> 20 C.F.R. § 404.1520(f).  The ALJ must show there are other jobs existing
> in significant numbers in the national economy which the claimant can
> perform, consistent with her medical impairments, age, education, past
> work experience, and residual functional capacity.  The ALJ must analyze
> the cumulative effect of all the claimant's impairments in determining
> whether she is capable of performing work and is not disabled.  See 20
> C.F.R. § 404.1523.

Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999).

4

In this case, the ALJ began at step one of the analysis and found that Boniella had not been gainfully employed since September 30, 2001, the alleged onset date of his disability. Next, the ALJ found that, although Boniella's mood and antisocial personality disorders were "severe impairments," they did not meet the criteria of those impairments presumed severe enough to preclude any gainful work. The ALJ then assessed Boniella's residual functional capacity, and found that, although he did not retain the capacity to perform his past computer-related work, there were many unskilled entry-level jobs that he could perform. Specifically, the ALJ found that:

> [Boniella] has the residual functional capacity to perform work at any exertional level that does [not] require: more than simple routine, repetitious tasks, with one- or two-step instructions; or strict production quotas, defined as the requirement to produce a specified number of units of work in a specified period of time; or more than occasional contact with coworkers or supervisors; or any contact with the public.

(AR 16.) Upon review, the District Court concluded that the ALJ's decision was supported by substantial evidence.

We have reviewed the administrative record and agree with the District Court that the ALJ's decision was based on substantial evidence. Therefore, we will adopt its reasoning. The ALJ properly weighed the relevant evidence and properly conducted the five-step sequential evaluation to reach its decision. See Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001). As the District Court explained, the ALJ's assessment of Boniella's residual functional capacity was consistent with the evidence presented at the hearing, including Dr. Weeks's assessment form and explanatory findings, and the

5

treatment summary and statement of Boniella's treating therapist, Kathleen Shirley. The ALJ's conclusion was also consistent with the vocational expert's findings. To the extent that Boniella argues that the ALJ failed to give proper weight to Ms. Molchan's opinion that he was temporarily disabled, we note that the ALJ properly considered Ms. Molchan's opinion along with all of the other medical evidence, and properly concluded that her opinion was not entitled to controlling weight. (AR 16–17.) See Wright v. Sullivan, 900 F.2d 675, 683 (3d Cir. 1990) (recognizing that a statement by a treating physician that a claimant is disabled or unable to work is not dispositive; rather, an ALJ must weigh the relative worth of a treating physician's report against the other medical evidence).

We have considered Boniella's remaining arguments on appeal and conclude that they are without merit. Accordingly, we will affirm the District Court's order. To the extent that Boniella's "statements to the Court regarding urgency" are construed as motions for expedited disposition of his appeal, the motions are denied.