**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2698
_____

ERNESTINE DIGGS,
                                        Appellant
v.

MICHAEL J. ASTRUE, Commissioner of Social Security
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 10-cv-02537)
District Judge:  Honorable Robert B. Kugler
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 1, 2011
Before:  RENDELL, FUENTES AND WEIS, Circuit Judges
(Opinion filed: December 7, 2011)
_____

OPINION
_____

PER CURIAM.

        Ernestine Diggs, proceeding pro se, appeals from the United States District

Court for the District of New Jersey's order affirming the decision of the Commissioner

of Social Security.  For the following reasons, we will affirm the District Court's order.

## I.

Diggs filed a complaint in the District Court seeking review of the Social Security Commissioner's final determination disallowing her claim for disability benefits. She originally applied for disability insurance benefits on April 20, 2005, claiming a disability that resulted from a series of injuries, beginning with those that she sustained when she fell in a drainage ditch while shoveling snow on December 6, 2002.[1] The Social Security Administration ("SSA") denied her claims and thereafter denied reconsideration. Diggs was granted a hearing before an administrative law judge ("ALJ"), who determined that Diggs was not disabled. The SSA Appeals Council declined to review the ALJ's decision, and Diggs filed suit in the District Court. The District Court granted the Commissioner's motion to remand for further administrative proceedings, specifically to determine whether any work-related functional limitations might be due to Diggs' obesity.

Diggs appeared with counsel and testified at a supplemental hearing before an ALJ. After considering Diggs' testimony, updated medical evidence, and the

---

[1] Diggs also asserted that she was injured: (1) in January 2003, when someone grabbed her while she was in a prayer line at church; (2) in September 2004, when a boy ran into her while they were playing basketball; (3) in October 2004, when her supervisor hugged and rocked her while introducing her as a new employee; (4) in December 2004, when she fell at UPS; (5) in June 2005, when she hit her head at a playground; and (6) in July 2005, when her hair was pulled at a hair salon. Diggs also asserted that she gained a significant amount of weight due to injections she took to control endometriosis. On August 28, 2005, Diggs weighed 273 pounds.

testimony of an impartial vocational expert, the ALJ again determined that Diggs was not disabled. In making this decision, the ALJ applied the five-step sequential evaluation process for determining disability. See 20 C.F.R. § 404.1520(a) and § 416.920(a); Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004).

Diggs thereafter filed the current complaint in the District Court. On June 15, 2011, the District Court affirmed the Commissioner's decision, determining that the ALJ relied on substantial evidence to determine that Diggs was not disabled within the meaning of the Social Security Act.

Diggs now appeals.

## II.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the Commissioner's final decision is limited to determining whether it is supported by substantial evidence. Poulos v. Comm'r of Soc. Sec., 474 F.3d 88, 91 (3d Cir. 2007). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (internal citation omitted).

To establish a disability under the Social Security Act, a claimant must show an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less

3

than 12 months." 42 U.S.C. § 423(d)(1)(A). A claimant is considered to be disabled

"only if his physical or mental impairment or impairments are of such severity that he is

not only unable to do his previous work but cannot, considering his age, education, and

work experience, engage in any other kind of substantial gainful work which exists in the

national economy." Id. at § 423(d)(2)(A). The SSA has promulgated regulations

prescribing a five-step process for evaluating whether a claimant is disabled. 20 C.F.R.

§ 404.1520. We have described this process as follows:

> In step one, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a). If a claimant is found to be engaged in such activity, the claim will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). In step two, the Commissioner must determine whether the claimant is suffering from a severe impairment. 20 C.F.R. § 404.1520(c). If the claimant fails to show that her impairments are "severe," she is ineligible for benefits.

> In step three, the Commissioner compares the medical evidence of the claimant's impairment to a list of impairments presumed severe enough to preclude any gainful work. 20 C.F.R. § 404.1520(d). If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five. Step four requires the ALJ to consider whether claimant retains the residual functional capacity to perform her past relevant work. 20 C.F.R. § 404.1520(d). The claimant bears the burden of demonstrating an inability to return to her past relevant work. Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994).

> If a claimant is unable to resume her occupation, the evaluation moves to the final step. At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in order to deny a claim of disability. 20 C.F.R. § 404.1520(f). The Commissioner must show there are other jobs existing in significant numbers in the national economy, which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ must analyze the cumulative effect of all the claimant's impairments in determining

4

whether she is capable of performing work and is not disabled. See 20 C.F.R. § 404.1523.

Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999).

In this case, the ALJ properly conducted the five-step inquiry, concluding that Diggs was not eligible for disability benefits. First, the ALJ found that Diggs satisfied the insured status requirement of the Social Security Act through March 31, 2007. It then determined that she satisfied steps one and two, finding that she had not engaged in substantial gainful activity since December 6, 2002, and that her osteoarthritis, chronic low back pain, and morbid obesity constituted "severe impairments." As to step three, the ALJ determined that Diggs did not have an impairment or combination of impairments that meets or medically equals a "listed impairment," even when considering her obesity in conjunction with her other impairments.[2] In evaluating whether Diggs satisfied step four, the ALJ first determined that she had the residual functional capacity to, among other things, sit for eight hours in an eight-hour workday with normal and customary breaks; to stand and/or walk for one hour continuously, for a total of six hours in an eight-hour workday; and that she could lift 50 pounds occasionally and 25 pounds frequently. After examining the evidence, the ALJ determined that Diggs' "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms," but that Diggs' "statements concerning the intensity, persistence and limiting effects of these symptoms are not

_____

[2] Qualifying impairments are listed at 20 C.F.R. Part 404, Subpart P, App'x 1.

5

entirely credible."[3] The ALJ then determined that Diggs was capable of performing past relevant work as a computer programmer, and that she was not disabled as it is defined in the Social Security Act.

The District Court issued a thorough and well-reasoned opinion concluding that the ALJ's decision was supported by substantial evidence. We agree with the District Court, and will therefore adopt its reasoning. The ALJ properly weighed the relevant evidence and adequately conducted the five-step evaluation to reach its decision. See Plummer, 186 F.3d at 428. As the District Court explained, the ALJ's assessments were consistent with the evidence in the record.

We have considered Diggs' remaining arguments on appeal and conclude that they are without merit. Accordingly, we will affirm the District Court's order.

---

[3] To the extent that Diggs challenges the ALJ's credibility determination, we agree with the District Court that the ALJ's credibility finding was fully explained and supported by substantial evidence. See, e.g., Hartranft, 181 F.3d at 363 (holding that the ALJ properly evaluated credibility where he "cited specific instances where [claimant's] complaints about pain and other subjective symptoms were inconsistent with" the objective medical evidence of record). Here, the ALJ stated that the "objective medical evidence simply does not support the extent of [Diggs'] subjective complaints." The ALJ then gave numerous reasons for this determination, including that Diggs' treating physician found "no significant abnormalities of [Diggs'] spinal processes or major joints." The ALJ appropriately determined that this as well as other reports did not support Diggs' allegation that "she can sit for only 90 minutes, stand for only 30 minutes, and use her hands for writing and related tasks for only 15 minutes in the course of an 8-hour workday."