NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-2861
_____

MICHAEL ANTHONY SPRINGER,
Appellant

v.

COMMISSIONER SOCIAL SECURITY

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 4-19-cv-01080
Magistrate Judge:  The Honorable William I. Arbuckle
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 27, 2021

Before: SMITH, *Chief Judge*, PHIPPS, and ROTH, *Circuit Judges*

(Filed: October 14, 2021)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, *Chief Judge*.

Michael Anthony Springer appeals the order of the District Court affirming the Commissioner of Social Security's denial of his application for supplemental security income benefits under Title XVI of the Social Security Act. *See* 42 U.S.C. §§ 1381-1383. We will affirm the District Court's order.[1]

Springer alleged disability based on back problems and anxiety. The Administrative Law Judge (ALJ), applying the five-step sequential analysis set forth in 20 C.F.R. § 416.920, found that, although Springer's back condition qualified as a severe impairment, the limitations imposed by his back condition did not preclude him from performing other work existing in the national economy. Springer appealed to the District Court, which concluded that the ALJ's decision was not supported by substantial evidence.

On remand, the ALJ conducted a second hearing. Thereafter, the ALJ issued a second decision, again finding that Springer was not disabled because he could perform

---

[1] The District Court exercised jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). Appellate jurisdiction exists under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). In reviewing the agency's decision, its "factual findings . . . are 'conclusive' . . . so long as they are supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019) citation omitted). Under this "substantial evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Id.* at 1154 (citation omitted). As the Supreme Court explained in *Biestek*, "the threshold for such evidentiary sufficiency is not high," "and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citation omitted). We review the Commissioner's legal conclusions de novo. *See Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011).

certain light level work existing in the national economy. Springer appealed. In a thorough Memorandum Opinion, the District Court affirmed the final decision of the Commissioner.

Springer appeals the District Court's order, challenging the ALJ's finding that he could perform certain light level work. He contends that the ALJ erred in making that finding because she failed to accord controlling weight to the medical opinion of Springer's primary treating physician, Dr. Joseph, who opined that the limitations caused by his back problems and anxiety precluded him from "perform[ing] any type of gainful employment on an ongoing basis." A88.

An ALJ should accord great weight to a report from a treating physician. *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). A treating physician's opinion deserves great weight because that opinion "reflect[s] expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." *Id.* (internal quotations marks and citation omitted). This does not mean, however,

> that a statement by a plaintiff's treating physician supporting an assertion that [he] is disabled or unable to work is . . . dispositive of the issue. The ALJ must review all the medical findings and other evidence presented in support of the attending physician's opinion of total disability. In doing so, the ALJ must weigh the relative worth of a treating physician's report against the [other medical evidence].

*Adorno v. Shalala*, 40 F.3d 43, 47-48 (3d Cir. 1994) (internal quotation marks and citations omitted). After reviewing all of the evidence, the ALJ may discount a physician's opinion of disability which is not supported by medical evidence, or may reject a physician's opinion outright if it is contradicted by other medical evidence. *Plummer*, 186 F.3d at 429.

3

Although Springer raises several arguments as support for his position that the ALJ erred by discounting Dr. Joseph's opinion, our review of the administrative record compels the conclusion that the ALJ permissibly accorded little weight to Dr. Joseph's opinion. As required, the ALJ explained why she discounted Dr. Joseph's opinion, citing multiple reasons, including, *inter alia*, contradictory medical evidence and the lack of support in Dr. Joseph's own progress notes for his opinion that Springer is disabled. *Zirnsak v. Colvin*, 777 F.3d 607, 614 (3d Cir. 2014) ("[T]he ALJ is free to accept some medical evidence and reject other evidence, provided that [s]he provides an explanation for discrediting the rejected evidence."). Consistent with the ALJ's appropriate determination that Dr. Joseph's opinion merited little weight, we further conclude that there is substantial evidence to support her finding that Springer could perform certain light level work. Accordingly, we will affirm the District Court's order.[2]

---

[2] Before the District Court, Springer asserted that the ALJ was biased. The District Court concluded that the claim, which had not been raised during the administrative process, was waived. **A34.** Before us, Springer mentions his bias claim in a footnote without citing any legal authority to support his position. "[A]rguments raised in passing (such as, in a footnote), but not squarely argued, are considered waived." *John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997). We therefore will not consider the bias claim.